UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 0 3 2015

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

4:15-cv-4130

TIMOTHY WISHARD,  :

      Plaintiff,  :

vs.  :  PLAINTIFF'S COMPLAINT AND
    DEMAND FOR JURY TRIAL

ALLIANCE INSURANCE COMPANY,  :
INC. d/b/a FARMERS ALLIANCE
MUTUAL INSURANCE COMPANY,  :

      Defendant.  :

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

      COMES NOW Plaintiff Timothy Wishard, for his Complaint against Alliance Insurance Company, Inc. d/b/a Farmers Alliance Mutual Insurance Company, states and alleges as follows:

### Parties

1. Plaintiff Timothy Wishard ("Wishard") is, and at all relevant times was, a resident of Sioux Falls, Lincoln County, South Dakota.

2. Defendant Alliance Insurance Company, Inc., d/b/a Farmers Alliance Mutual Insurance Company ("Farmers Alliance"), is a Company organized, with its principal place of business, outside the State of South Dakota.

### Jurisdiction and Venue

3. The court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4. The damages at issue exceed $75,000.00.

## Statement of the Facts

5. Wishard purchased a policy of homeowner's insurance from Farmers Alliance, which was in effect before and after June 2014.

6. In June 2014, Wishard's home was damaged in a hailstorm.

7. The hailstorm caused visible and extensive damage to Wishard's home, including his roof.

8. Hail damage is a covered cause of loss under the insurance policy sold by Farmers Alliance to Wishard.

9. Wishard submitted a timely claim to Farmers Alliance for the hail damage to the home.

10. Shawna Goetzinger at Doss & Associates was an authorized agent of Farmers Alliance at all relevant times in this case.

11. In a June 22, 2014 report, Shawna Goetzinger claimed to have inspected Wishard's home on June 18, 2014.

12. Shawna Goetzinger's report listed $579.60 as the appropriate amount to repair the damage to Miller's home.

13. $579.60 was not a reasonable amount of money to fix the damage caused by the hailstorm to Miller's home.

14. Shawna Goetzinger knew or recklessly disregarded the fact that $579.60 was not sufficient to repair Wishard's home.

15. Farmers Alliance knew or recklessly disregarded the fact that Shawna Goetzinger

had a predictable practice of limiting Farmers Alliance's payments to its insureds by failing to conduct a reasonable investigation.

16. Shawna Goetzinger's purported investigation on June 18, 2014, was not a reasonable investigation of Wishard's claim.

17. Farmers Alliance knew or recklessly disregarded that the investigation and conclusions of Shawna Goetzinger were biased in favor of Farmers Alliance.

18. Farmers Alliance had no reasonable basis to believe that $579.60 was sufficient to repair the hail damage to Wishard's home.

19. If Farmers Alliance would have performed a reasonable investigation and/or evaluation of Wishard's claim, it would have known that $579.60 was not sufficient to repair the hail damage to Wishard's home.

20. Wishard disputed Shawna Goetzinger's conclusion that $579.60 would adequately repair Wishard's home.

21. Farmers Alliance then conducted another inspection of Wishard's roof on October 2, 2014.

22. After the October 2, 2014 inspection, Farmers Alliance claimed in a letter dated October 14, 2014, that Wishard's roof did not sustain any hail damage from the June 2014 hailstorm.

23. Farmers Alliance had no reasonable basis to believe that Wishard's roof did not sustain any hail damage from the June 2014 hailstorm.

24. Wishard continued to dispute Farmers Alliance conclusion that Wishard's roof did not sustain any hail damage from the June 2014 hailstorm.

25. Wishard retained Julian Pearson at Apex Structural Design, LLC, to inspect his

roof on April 14, 2015.

26. Julian Pearson's report concluded that "Significant damage due to hail was found on roof slopes that face the north, south, east and west direction."

27. Farmers Alliance knows or recklessly disregards the fact that $579.60 is not enough to properly fix Wishard's home of the damage caused by the hailstorm.

28. Farmers Alliance continues to refuse to pay Wishard the full amount owed under the policy that is needed to properly fix Wishard's home of the damage caused by the hailstorm.

29. Farmers Alliance had a duty to perform a reasonable investigation of Wishard's claim.

30. Part of each premium Farmers Alliance charges includes a portion for the expenses required to properly investigate claims.

31. Farmers Alliance is required to conduct a reasonable investigation of an insured's claim.

32. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

33. In evaluating Wishard's claim, Farmers Alliance had a duty to give just as much consideration to his interests as it gave to its interests.

34. Farmers Alliance had a duty to assist Wishard with identifying facts that support a payment that would fully fix the home.

35. Farmers Alliance had a duty to inform Wishard of any information obtained during the investigation of Wishard's claim regardless of whether the information would result in an increase in the amount needed to fully fix Wishard's home.

36. Farmers Alliance could not eliminate its duties of good faith and fair dealing by delegating them to an agent.

37. Farmers Alliance is responsible for the investigation and evaluation of Wishard's claim by its agents.

38. Wishard, through his attorney, asked Farmers Alliance to produce all of the information it had with regard to Wishard's claim on several occasions as shown in Exhibit A attached to this Complaint.

39. Farmers Alliance has repeatedly refused to produce all of the information it had with regard to Wishard's claim.

40. Farmers Alliance's claims handling process as described in this Complaint is designed to deny paying Wishard the full amount owed under the insurance policy.

41. Farmers Alliance's claims handling process as described in this Complaint is designed to delay paying Wishard the full amount owed under the insurance policy.

42. As a result of Farmers Alliance's claims handling process as described in this Complaint, Wishard has been damaged as follows:

    a. Wishard has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;
    b. Wishard has experienced increased expenses, aggravation, fear, annoyance, frustration, distress, and inconvenience due to the wrongful denial of his claim;
    c. Wishard was forced to retain a lawyer and an engineer at his personal expense.

# Count I
## *(Breach of Contract)*

43. Wishard realleges and restates paragraphs 1-42 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

44. Farmers Alliance has breached the contract of insurance with Wishard by failing to pay the full amount of benefits owed under the policy in a timely manner.

# Count II
## *(Bad Faith)*

45. Wishard realleges and restates paragraphs 1-44 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

46. Farmers Alliance intentionally or recklessly utilized a claims handling process designed to maximize its profits at its insureds' expense.

47. Farmers Alliance intentionally or recklessly utilized a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

48. Farmers Alliance intentionally or recklessly utilized a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

# Count III
## *(Unfair Trade Practices)*

49. Wishard realleges and restates paragraphs 1-48 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

50. Farmers Alliance misrepresented the terms and conditions of the policy to Wishard when it effectively denied Wishard's claim based on Shawna Goetzinger's

purported investigation on June 18, 2014, as shown in Exhibit B attached to this Complaint.

51. Farmers Alliance misrepresented the terms and conditions of the policy to Wishard when it told Wishard that there was "no hail damage to the shakes" as set forth in the October 14, 2014 report as shown in Exhibit C attached to this Complaint.

52. As a result of the misrepresentation that a reasonable investigation had occurred and that there was no coverage under the insurance policy because the roof had not been damaged by the hailstorm, Farmers Alliance has gained the use of money that it otherwise would not have been able to use had the misrepresentation not been made and a proper payment of benefits been provided in a timely manner.

53. As a result of the misrepresentation that a reasonable investigation had occurred and there was no coverage under the insurance policy because the roof had not been damaged by the hailstorm, Wishard was deprived of the use of the money that he otherwise would have been able to use had the misrepresentation not been made.

54. As a result of its misrepresentation of the terms and conditions of its insurance policy, Farmers Alliance is responsible for Wishard's attorneys' fees.

## Count IV
### (*Punitive Damages*)

55. Wishard realleges and restates paragraphs 1-54 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

56. Farmers Alliance acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

## Count V
### (*Vexatious Refusal to Pay*)

57. Wishard realleges and restates paragraphs 1-56 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

58. Farmers unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award Wishard reasonable attorneys' fees as part of the costs incurred by Wishard as authorized under SDCL § 58-12-3.

## Requested Relief

WHEREFORE, Plaintiff Timothy Wishard prays that this Court:

1. Enter judgment in Wishard's favor;

2. Award Wishard his damages plus prejudgment interest thereon;

3. Award Wishard his attorneys' fees and costs as allowed by law; and

4. Grant such other further relief as may be just and proper.

## Demand for Jury Trial

Wishard demands a trial by jury with regard to any and all questions of fact pertaining to all claims asserted in the above-entitled matter.

Dated this 3rd day of August, 2015.

FULLER & WILLIAMSON, LLP

_____
Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
Phone:(605) 333-0003
Fax:   (605) 333-0007
Email: dnelsen@fullerandwilliamson.com
       epreheim@fullerandwilliamson.com
*Attorneys for Plaintiff*