UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WISHARD,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE INSURANCE COMPANY, INC. d/b/a FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | 4:15-cv-4130<br><br><br><br>**ANSWER** |

COMES NOW Defendant Alliance Insurance Company, Inc., d/b/a Farmers Alliance Mutual Insurance Company (hereinafter "Farmers Alliance "), and for its Answer to the Complaint of Plaintiff, states and alleges as follows:

1. Farmers Alliance denies each and every mater, allegation and thing contained in said Complaint, except such as are hereinafter specifically admitted or qualified.

2. Farmers Alliance admits the allegations contained within paragraphs 1-2, 5, 6, 8, 9, 11, 12, 20, 21, 25 & 26.

3. As to paragraphs 3-4, Farmers Alliance denies that this Court has jurisdiction, as the amount in controversy does not exceed $75,000.00.

4. As to paragraph 7, Famers Alliance previously acknowledged, and continues to acknowledge, some visible damage to Plaintiff's home that was likely caused by a June 2014 hailstorm. Farmers Alliance denies that said damage was "extensive" as alleged in Plaintiff's Complaint.

5. As to paragraph 10, Famers Alliance acknowledges that it hired Shawna Goetzinger of Doss & Associates to investigate Plaintiff's damage claim.

6. Farmers Alliance denies paragraphs 13-19, 27 & 28, and affirmatively states that the value of Plaintiff's damage claim was and is, at a minimum, fairly debatable.

7. Paragraphs 22 & 23 are denied.

8. As to paragraph 24, Farmers Alliance acknowledges that the Plaintiff continues to dispute Farmers Alliance's valuation of damage to Plaintiff's roof caused by the June 2014 hailstorm. Farmers Alliance denies that after inspections of Plaintiff's roof, Farmers Alliance stated that Plaintiff's roof incurred no damage.

9. Paragraphs 29-37 appear to state legal conclusions, which do not require formal responses from Farmers Alliance. Farmers Alliance acknowledges the policy of insurance issued to the Plaintiff, and that the terms of said policy and South Dakota law determine the rights and duties of both parties. Farmers Alliance denies that it breached any duty owed to Plaintiff.

10. As to paragraphs 38 & 39, Farmers Alliance acknowledges Plaintiff's request for information related to this claim, but denies that Farmers Alliance failed to produce all information in which Plaintiff was entitled to receive.

11. Paragraphs 40-42 are denied.

12. As to paragraphs 43 & 44, Farmers Alliance specifically denies that it has breached a contract of insurance with Plaintiff.

13. As to paragraphs 45-48, Farmers Alliance specifically denies that it has acted in bad faith.

14. As to paragraphs 49-54, Farmers Alliance specifically denies that "Unfair Trade Practices" is a viable cause of action that can be pursued by a private party in South Dakota. To the extent that a Court determines that "Unfair Trade Practices" is a viable cause of action available to this Plaintiff, Farmers Alliance denies that it committed any act of "Unfair Trade Practices".

15. As to paragraphs 55-56, Farmers Alliance specifically denies that it has committed any act that would entitle Plaintiff to punitive damages. Further, Plaintiff's claim for punitive damages is barred by the terms of SDCL 21-3-2 and 21-1-4.1.

16. Farmers Alliance further alleges that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum on the amount of punitive damages that a jury may impose, would violate Farmers Alliance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article VI, Section 2 of the South Dakota Constitution.

17. As to paragraphs 57-58, Farmers Alliance denies that "Vexatious Refusal to Pay" is viable cause of action. Farmers Alliance recognizes the authority of SDCL 58-12-3, and the remedy that SDCL 58-12-3 may provide to a specific aggrieved party. Farmers Alliance specifically denies that it acted unreasonably or vexatiously per SDCL 58-12-3.

18. As an affirmative defense, Plaintiff's claim is fairly debatable in law and fact.

19. As a further affirmative defense, Farmers Alliance's actions have been reasonable under the facts and circumstances of this case, and that legitimate disputes and issues of fact and law exist relative to the policy language and applicable South Dakota authority governing Plaintiff's claim for benefits under his Farmers Alliance insurance policy.

20. As a further affirmative defense, Plaintiff's injuries and damages may have been caused by intervening and superseding causes, which may bar or mitigate a right of recovery herein against Farmers Alliance.

WHEREFORE, the Defendant Farmers Alliance prays judgment as follows:

1. That the Complaint of Plaintiff against Farmers Alliance be dismissed, upon its merits and with prejudice;

2. That Farmers Alliance recover its costs and disbursements incurred herein; and

3. For such other and further relief as the Court deems just and equitable.

Dated this 24th day of August, 2015.

MAY & JOHNSON, P.C.

By /s/ *Mark J. Arndt*
Mark J. Arndt
6805 South Minnesota Avenue, Suite 100
P.O. Box 88738
Sioux Falls, SD 57109-8738
(605) 336-2565
marndt@mayjohnson.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing **Answer** was served using the Court's ECF system which upon information and belief will send e-mail notification of such filing to Derek A. Nelsen and Eric T. Preheim of Fuller and Williamson, dnelsen@fullerandwilliamson.com and epreheim@fullerandwilliamson.com, attorneys for Plaintiff, this 24th day of August, 2015.

                                      /s/ *Mark J. Arndt*
                                      Mark J. Arndt